IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIEN N. HUYNH<br>　　*Plaintiff,*<br><br>v.<br><br>NATIONWIDE GENERAL<br>INSURANCE COMPANY<br>　　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL ACTION NO: 4:20-cv-00195 |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Lien N. Huynh v. Nationwide General Insurance Company*; Cause No. 2019-85641; In the 125th Judicial District of Harris County, Texas.

## I.
## BACKGROUND

1. Plaintiff Lien N. Huynh (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. 2019-85641; In the 125th Judicial District of Harris County, Texas on December 3, 2020 (the "State Court Action").[1]

2. Defendant appeared and answered on January 17, 2020, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A** and **Exhibit A-1**.

---

[1] *See* Plaintiff's Original Petition with citations, attached as **Exhibits A and A-1.**
[2] *See* Defendant's Original Answer, attached as **Exhibit B**.

Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt.[3]

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 125th Judicial District Court of Harris County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

7. Plaintiff is domiciled in Harris County, Texas.[4] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8. Nationwide General Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

---

[3] *See* the State Court Docket Sheet, attached as **Exhibit C**.
[4] *See* **Exhibit A**, ¶ 2.

**B.     Amount in Controversy**

10.     Plaintiff's Original Petition states that Plaintiff seeks "monetary relief of $75,000.00 dollars, or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."[5] In addition, Plaintiff further seeks compensation for (1) actual damages, including mental anguish (2) statutory penalties, (3) treble damages, (4) exemplary and punitive damages, and (7) attorney's fees.[6] Plaintiff Original Petition does include allegations that Defendant's conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541.[7] Plaintiff's statement of "$75,000 dollars, or less" is simply an attempt to avoid federal jurisdiction. "Such manipulation [of Tex. R. Civ. P. 47] is surely characterized as bad faith."[8] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[9]

11.     Based on Plaintiff's Original Petition and the description of damages sought by his own admission, the amount in controversy plainly exceeds $75,000, exclusive of interest and costs.[10] Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

12.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

---

[5] *See* **Exhibit A**, ¶ 49
[6] *See* **Exhibit A**, p. 10 at ¶ X.
[7] See Exhibt A, ¶¶ 40 and 44; *see also* Tex. Ins. Code §§ 541.001 and 541.152
[8] *Garcia v. Kellogg USA, Inc.*, No. 7-13-cv-347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995).
[9] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).
[10] *See* **Exhibit A**.

3

13. WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Katherine M. Gonyea
Texas Bar No. 24066701
Southern District No. 1015828
kgonyea@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CMRRR this the 17th day of January, 2020 to:

Robert C. Lane                                             *#9414 7266 9904 2137 9569 34*
Stephanie L. Vera
Joshua D. Gordon
The Lane Law Firm, PLLC
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
notifications@lanelaw.com
stephanie.vera@lanelaw.com
joshua.gordon@lanelaw.com

                                                        */s/ Patrick M. Kemp*
                                                        Patrick M. Kemp